UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN PONDELLI, JR., WILDWOOD RELOAD CORP. and MASSACHUSETTS CENTRAL RAILROAD CORPORATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>SHAWN DAIGLE,<br><br>*Defendant*. | C.A. No. _____ |

## **COMPLAINT**

### Introduction

This action arises out of the alleged fraudulent actions of a former employee of Wildwood Reload Corp. ("Wildwood"), Shawn Daigle, to defraud the Plaintiffs and the federal government into providing loans to either Wildwood, its owner, John Pondelli, or another entity controlled by Pondelli without their knowledge in order to convert those funds to his own personal use. Although Pondelli was adamant about refusing to accept any money offered by the federal government during the Covid-19 pandemic, Daigle nonetheless submitted applications for and obtained three separate loans on behalf of Wildwood and/or Pondelli. Neither Wildwood, Pondelli, nor any other entity Pondelli controls ever received or benefitted from such funds, but nonetheless remain liable for the repayment of such funds. As a result, Wildwood, Pondelli and another corporation Pondelli controls, Massachusetts Central Railroad, have brought this action to recover the harm Daigle has caused them.

### Parties

1. Plaintiff John Pondelli is an individual and a citizen of New Hampshire with a principal place of residence at 347 North Road, Deerfield, NH, 03037.

2. Plaintiff Wildwood Reload Corp., f/k/a Wildwood Development Corp., ("Wildwood") is a corporation organized under the laws of Massachusetts with its principal place of business at 850 South Barre Road, South Barre, Massachusetts.

3. Plaintiff Massachusetts Central Railroad Corporation ("Mass Central Railroad") is a corporation organized under the laws of Massachusetts with a principal place of business at 2 Wilbraham Street, Palmer, Massachusetts. All three plaintiffs will collectively be referred to as "Plaintiffs."

4. Defendant Shawn Daigle is an individual and a citizen of the State of Connecticut with a principal place of residence at 594 Birch Mountain Road, Glastonbury, Connecticut.

Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy is greater than $75,000.00.

6. Venue is proper in this Court as a substantial part of the events giving rise to the claims in this action occurred in this district.

Factual Background

7. Wildwood is in the business of operating a rail freight and reload service from Barre, Massachusetts. Wildwood is owned and controlled by Pondelli. Other officers, directors and employees are not authorized to make any significant financial decision on behalf of Wildwood without Pondelli's approval. Similarly, Mass Central Railroad is also in the business of operating a rail freight service, and is also controlled by Pondelli.

8. From approximately July 2014 until April 2023, Daigle was employed by Wildwood as part of Wildwood's management team and was responsible for, among other things, financial oversight of Wildwood. In that position, Daigle had access to both Wildwood and Mass

Central Railroad's financial information and accounts but had no authority to make any significant financial decisions, such as taking out any loans on behalf of Wildwood or Mass Central Railroad without Pondelli's approval.

9. In early 2020, Covid-19 a novel virus began to rapidly spread. As a result, the federal government declared Covid-19 to be a public health emergency. To aid businesses in light of that public health emergency, the federal government made funds available to business, including through the Paycheck Protection Program ("PPP") and the Covid-19 Economic Injury Disaster Loan ("EIDL") program, both of which were administered through the United States Small Business Association. Under the terms of the PPP loans, the loans could be forgiven provided that the borrower met certain conditions and complied with the loan terms, including use of the funds for certain limited purposes related to maintaining or rehiring employees.

10. Wildwood and Mass Central Railroad were eligible to receive loans under both of those programs. As such, Daigle directed one of Wildwood's other employees at the time, John Stencel, to prepare an application for a PPP loan on behalf of Wildwood.

11. However, when Stencel presented the application to Pondelli for his signature, Pondelli became visibly upset, refused to sign it, and declared that he refused to accept money from the government. Several other employees were present at the time, including Daigle. The incident was memorable to the other employees because of Pondelli's vehement opposition to accepting any money from the government, even a PPP loan that Wildwood was entitled to receive and could benefit Wildwood's business. Pondelli reaffirmed his absolute refusal to accept – on behalf of himself or any of the entities he owns and controls – any money from the government through a PPP or other loan program on several occasions thereafter.

12. Nonetheless, several loan applications were apparently submitted on behalf of either Wildwood or a non-existent "John Pondelli Corporation" which resulted in at least three loans being disbursed. Specifically:

   a. An application for a PPP loan on behalf of a John Pondelli Corporation was submitted, and a loan in the amount of $93,858.00 approved on or about May 2, 2020 (Loan #9430587310);

   b. An application for a PPP loan on behalf of Wildwood (then Wildwood Development Corp.) was submitted on or about April 27, 2020, and a loan in the amount of $112,345.00 approved on or about May 3, 2020 (Loan #9942477305); and

   c. An application for an EIDL program loan, was submitted on behalf of Wildwood, and a loan in the amount of $99,300.00 disbursed (Loan # 4836168110).

13. Although there is no John Pondelli Corporation, the address associated with such corporation in the public records is the same as Wildwood's, such that the loan was intended to be made to either Pondelli individually, or an entity, such as Wildwood or Mass Central Railroad, that Pondelli owns and controls. However, at no time did Pondelli submit or authorize anyone to submit any loan applicants on his behalf or on behalf any company he owns or controls. Rather, on information and belief, Daigle submitted the applications for the three loans listed above without Pondelli's authorization.

14. Pondelli did not know that any loan application had been submitted on his, Mass Central Railroad's or Wildwood's behalf – much less that any funds had been disbursed – until February 2023 when Wildwood received a notice from the SBA that a payment on a loan (Loan #4836168110) was overdue. That notice prompted Plaintiffs to begin investigating.

15. In their investigation Plaintiffs were able to learn through publicly available resources of the PPP loans supposedly disbursed to the "John Pondelli" corporation and Wildwood. Those records indicate that Liberty Bank was the lender for both of those PPP loans.

16. Liberty Bank is a corporation organized under the laws of Connecticut. All of its branches are located in the state of Connecticut, with no branches in Massachusetts. Neither Wildwood, Pondelli nor Mass Central Railroad has ever held an account with Liberty Bank. However, Daigle, who resides in Connecticut, holds accounts with Liberty Bank and he uses those accounts to conduct his personal business.

17. On information and belief, Daigle submitted two loan applications for the PPP loans, to Liberty Bank on behalf of Pondelli, Wildwood and/or Mass Central Railroad despite Pondelli's clear directive not to apply for any such loans. On information and belief, Daigle also submitted a separate loan application for the EIDL loan to a currently unknown entity. When the funds were disbursed, Daigle either received the funds personally such that Plaintiffs were never in possession of such funds, or received such funds purportedly on behalf of Plaintiffs but diverted such funds to his own personal use such that Plaintiffs never received the benefit of such funds.

18. On information and belief, Daigle used his position within Wildwood to assert control of the funds – including using the funds to pay $103,000.00 to Wisniowski & Sullivan, a Connecticut law firm that handled Daigle's personal business – as well as to conceal the existence of the loans from Pondelli and other Wildwood employees. When another Wildwood employee became aware of Daigle's receipt of the funds and use of such funds for his personal business, Daigle falsely represented that Plaintiffs were loaning the funds to him and that he would reimburse Plaintiffs for such funds. Daigle has not reimbursed Plaintiffs for any funds he

received from the PPP or Economic Injury Disaster Loans, nor has he made any payments to repay those loans.

## Count I – Fraud

19. Plaintiffs repeat and reallege paragraphs 1-18 above as if set forth fully herein.

20. On information and belief, Daigle submitted loan applications for PPP and/or EIDL loans on behalf of Wildwood, Pondelli and/or Mass Central Railroad and intentionally concealed the submission of those applications as well as the funds disbursed as a result of those applications from Plaintiffs.

21. Plaintiffs relied on Daigle's actions concealing the loan applications and loans by failing to ever take any action on loans that they were not aware existed, including failing to ensure that the loan funds were used in accordance with the terms of the loan or making any payments on such loans.

22. As a result, no payments on the EIDL loan have been made. Although neither Wildwood, Pondelli nor Mass Central Railroad received or benefitted from the EIDL loan funds, the Small Business Administration has nonetheless made demand for payment on that loan and seeks to hold Wildwood liable for repayment of that loan.

23. In addition, because Daigle allegedly diverted the funds from the PPP loans for his own use in violation of the loan terms, the loans likely do not qualify for forgiveness under the PPP program, resulting in Plaintiffs becoming liable for their repayment.

## Count II – Conversion/Misappropriation

24. Plaintiffs repeat and realleged paragraphs 1-23 above as if set forth fully herein.

25. On information and belief, the PPP and EIDL loan funds were disbursed under the direction of Daigle. As such, Plaintiffs were denied the possession of the funds that were

disbursed pursuant to government approval of the loan applications, but, at this juncture, are still deemed responsible by the government for repayment of the funds.

26. On information and belief, Daigle, by abusing his position with Wildwood, was able to convert to his own use funds that were meant to be disbursed to Plaintiffs, including by using at least $103,000.00 of those funds to pay a law firm that handled Daigle's personal matters and had performed no work for Wildwood, Pondelli or Mass Central Railroad.

27. On information and belief, Daigle concealed the existence of the loans and disbursement of the loan funds in order to make use of such funds for his personal use. Daigle had no authority to use funds intended for the Plaintiffs' use, for his own personal use.

28. As a result of Daigle's conduct, Plaintiffs were deprived of the possession and use of such funds, but nonetheless remain responsible for repayment of such funds, resulting in harm to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court enter the following relief:

A. On Count I, enter a judgment in favor of Plaintiffs and against Daigle in an amount to be determined at trial;

B. On Count II, enter a judgment in favor of Plaintiffs and against Daigle in an amount to be determined at trial;

C. Award Plaintiffs their attorney's fees and costs in bringing this action; and

D. Award any other such relief that this Court deems just and proper.

        Respectfully submitted,

        WILDWOOD RELOAD CORP., JOHN PONDELLI, JR. and MASSACHUSETTS CENTRAL RAILROAD CORPORATION,

        By their attorneys,

        /s/ Steven J. Brooks
        Steven J. Brooks, BBO# 059140
        H. Glenn Alberich, BBO# 013880
        Brooks & DeRensis, P.C.
        260 Franklin Street, Suite 700
        Boston, MA 02110
        Tel. No.: (857) 259-5200
        Fax No.: (857) 259-5212
        sbrooks@bdboston.com
        galberich@bdboston.com

Dated: May 26, 2023